UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARI B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:19-CV-6128-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") did not err in evaluating Plaintiff's testimony, and errors in evaluating vocational expert ("VE") testimony at step five of the sequential evaluation were harmless. Accordingly, the ALJ's

1  finding of non-disability is supported by substantial evidence, and the Commissioner's decision

2  is affirmed.

3  <u>FACTUAL AND PROCEDURAL HISTORY</u>

4  On October 10, 2016, Plaintiff filed applications for DIB and SSI, alleging a disability

5  onset date of May 15, 2015. *See* Dkt. 8, Administrative Record ("AR") 15, 214-20, 221-27. Her

6  applications were denied upon initial administrative review and on reconsideration. AR 15, 130-

7  33, 138-44, 145-51. A hearing was held before ALJ Cynthia D. Rosa on August 6, 2018. AR 35-

8  64. In a decision dated December 24, 2018, the ALJ found that Plaintiff was not disabled. AR

9  12-29. The Social Security Appeals Council denied Plaintiff's request for review on September

10 24, 2019. AR 6-11. As such, the ALJ's decision of December 24, 2018 is the final decision of the

11 Commissioner subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481.

12 In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) finding there were a

13 significant number of jobs Plaintiff could perform at step five of the sequential evaluation; and

14 (2) not providing clear and convincing reasons for discounting Plaintiff's testimony. Dkt. 10, pp.

15 4-12.

16 <u>STANDARD OF REVIEW</u>

17 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18 social security benefits if the ALJ's findings are based on legal error or not supported by

19 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

20 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

21

22

23

24

<u>DISCUSSION</u>

**I.      Whether the ALJ erred at step five.**

Plaintiff contends that the ALJ erroneously found that there were a significant number of jobs Plaintiff could perform at step five of the sequential evaluation. Dkt. 10, pp. 4-8.

At step five of the sequential evaluation, the burden shifts to the Commissioner to prove that the claimant can perform other work in the national economy, given his or her age, education, residual functional capacity ("RFC") and past work experience. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988)); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."). Other work "which exists in the national economy" means work which exists in significant numbers either in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A).

Here, the ALJ, relying upon VE testimony, found that there were a significant number of jobs Plaintiff could perform at step five. AR 27-28, 58-60. Specifically, the ALJ found that Plaintiff could perform the light, unskilled jobs of mail clerk (18,600 jobs available in the national economy), assembler of small products (35,600 jobs available in the national economy), and hand packager (23,400 jobs available in the national economy). *Id.*

Plaintiff contends that the ALJ erred by relying on the vocational expert's testimony at step five without resolving an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT").  Dkt. 10, pp. 5-8. During the hearing, the VE stated, after being asked by the ALJ, that his testimony was consistent with the DOT. AR 62.

1    When the ALJ determines that there is an apparent unresolved conflict between

2    vocational expert testimony and the DOT, the ALJ must elicit a reasonable explanation for the

3    conflict before relying on the VE evidence to support a determination or decision about whether

4    the claimant is disabled. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing

5    Social Security Ruling ("SSR" 00-4p).

6    Plaintiff concedes that she could physically perform the job of hand packager. Dkt. 10, p.

7    6. Defendant concedes that the ALJ erred by not resolving an apparent conflict between the RFC

8    limitation to only occasional and frequent handling with the right and left upper extremities,

9    respectively, and the VE's testimony that Plaintiff could perform the job of small products

10   assembler, which requires constant handling. Dkt. 11, p. 2; AR 21.

11   As such, the only question remaining concerning the ALJ's step five evaluation is

12   whether Plaintiff could perform the job of mail clerk. Plaintiff contends that there is an apparent

13   conflict between the RFC, which limits her to performing simple, routine tasks, and the VE's

14   testimony that she could perform the job of mail clerk, which requires a GED reasoning level of

15   three. Dkt. 10, p. 6.

16   The GED ("General Education Development") metric, a component of the DOT, assesses

17   three broad areas of educational development - reasoning, mathematics, and language, and the

18   GED levels include the reasoning ability required to perform a given job, ranging from Level 1

19   (which requires the least reasoning ability) to Level 6 (which requires the most). *See* DOT, App.

20   C, § III (4th Ed. Rev. 1991); *see also* https://occupationalinfo.org/appendxc_1.html. Jobs with a

21   GED reasoning level of three require an individual to "[a]pply commonsense understanding to

22   carry out instructions furnished in written, oral, or diagrammatic form" and [d]eal with problems

23   involving several concrete variables in or from standardized situations." *Id.*

24

The Ninth Circuit has held that "there is an apparent conflict" between the residual functional capacity to perform simple, routine, repetitive tasks, and the demands of Level 3 Reasoning, and that the ALJ's failure to resolve this discrepancy is not harmless. *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).

As such, the ALJ erred at step five by not posing additional questions to the VE to resolve the apparent conflict between Plaintiff's RFC limitations and the requirements of jobs such as mail clerk with a reasoning level of three. However, any error in failing to resolve this conflict is harmless, since the Plaintiff in this case clearly retained the ability to perform jobs with a reasoning level of three despite her impairments. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the Social Security context).

In *Zavalin*, the Ninth Circuit noted that the DOT specifically defines GED reasoning levels to include "informal" as well as "formal" education that is required for satisfactory job performance, and that while an individual's level of education is relevant in determining whether that person can perform jobs with a certain reasoning level, the DOT's reasoning levels clearly correspond to the claimant's *ability* because they assess whether a person can "apply" increasingly difficult principles of rational thought and "deal" with increasingly complicated problems. *Zavalin*, 778 F.3d at 847 (emphasis in original).

In *Zavalin*, the Ninth Circuit found that the Plaintiff in that case suffered from a learning disorder and cerebral palsy, had an individualized education program consisting of both special education and mainstream classes with accommodations for his impairments, such as extra time so that he could work at his own pace, and graduated high school with a modified diploma, which was conferred on "students who have demonstrated the inability to meet the full set of academic content standards for a high school diploma even with reasonable modifications and

1    accommodations." *Id.* at 845, 847. The Ninth Circuit held that the ALJ harmfully erred by not

2    recognizing the inconsistency between Zavalin's obvious cognitive limitations and the

3    requirements of jobs with a reasoning level of three. *Id.* at 847.

4          As such, in addition to inquiring whether the ALJ resolved the apparent conflict between

5    the ability to perform simple, routine, repetitive tasks and the demands of level three reasoning,

6    the Court must also inquire whether the claimant in each case retains the ability to perform the

7    tasks required of jobs that require level three reasoning despite their impairments.

8          The facts in this case are distinguishable from those at issue in *Zavalin*. Here, Plaintiff

9    obtained a regular high school diploma without need for special accommodations, obtained an

10   associate's degree, and worked at two jobs, appointment clerk and lot attendant, that required a

11   reasoning level of three. AR 42, 57, 257-58; DOT 237.367-010, DOT 915.583-010. Further,

12   Plaintiff's mental impairments, bipolar disorder, anxiety disorder, and attention deficit

13   hyperactivity disorder, do not impose the kind of cognitive limitations present in *Zavalin*, and

14   Plaintiff testified that she stopped working primarily due to her physical impairments. AR 18,

15   44-45, 53-54; Dkt. 10, p. 9.

16         Unlike in *Zavalin*, Plaintiff's mental limitations do not prevent her from performing the

17   requirements of jobs with a reasoning level of three. As such, the ALJ's error in failing to resolve

18   the apparent conflict between the RFC and the requirements of jobs with a reasoning level of

19   three was harmless, and the ALJ did not err in finding that Plaintiff could perform the job of mail

20   clerk at step five.

21         Because Plaintiff could perform the jobs of mail clerk and hand packager, for which there

22   would be a combined total of 42,000 jobs available in the national economy, there were a

23   significant number of jobs Plaintiff could perform at step five. *See Gutierrez v. Comm. of Soc.*

24

1  *Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (finding that 25,000 jobs available in the national

2  economy constituted a "significant" number of jobs).

3      Accordingly, the ALJ's step five findings are supported by substantial evidence.

4      **II.**    **Whether the ALJ properly evaluated Plaintiff's testimony.**

5      Plaintiff contends that the ALJ erred in evaluating her symptom testimony concerning the

6  use of her hands, particularly her right hand. Dkt. 10, pp. 8-12.

7      In weighing a claimant's testimony, an ALJ must use a two-step process. *Trevizo v.*

8  *Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is

9  objective medical evidence of an underlying impairment that could reasonably be expected to

10  produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir.

11  2014). If the first step is satisfied, and provided there is no evidence of malingering, the second

12  step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can

13  provide specific findings and clear and convincing reasons for rejecting the claimant's testimony.

14  *Id.*

15      Plaintiff stated that she is unable to perform repetitive work due to pain and numbness in

16  her right non-dominant hand caused by post-herpetic neuralgia. Dkt. 10, p. 9; AR 280, 285.

17  Plaintiff stated that she has difficulty driving, painting, tending to her personal care and

18  performing other activities that require manual dexterity. AR 281-84, 287, 386.

19      Plaintiff testified that she left her job as a lot attendant because the neuropathy in her

20  hands made it difficult for her park cars and wash vehicles in less than 10 minutes. AR 43-44.

21  Plaintiff further testified that she left her job at a dental office because she was no longer able to

22  perform the job efficiently due to her hand impairment, and stated that she had to stop working

23  as a bartender because she had difficulty gripping objects. AR 44-45.

24

1    The ALJ discounted Plaintiff's testimony concerning her hand impairments, reasoning

2    that they: (1) were inconsistent with the medical record; and (2) were inconsistent with Plaintiff's

3    self-reported activities of daily living. AR 22-23.

4        With respect to the ALJ's first reason, inconsistency with the objective evidence may

5    serve as a clear and convincing reason for discounting plaintiff's testimony. *Regennitter v.*

6    *Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not

7    reject a claimant's subjective symptom testimony "*solely* because the degree of pain alleged is

8    not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir.

9    1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639,

10   641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

11       In finding that Plaintiff's allegations concerning her dominant left hand were inconsistent

12   with the medical record, the ALJ cited an electrodiagnostic study of the claimant's wrists

13   completed in August 2018, which found she has mild left-sided median nerve entrapment

14   neuropathy consistent with left carpal tunnel syndrome, and a physical examination of her hands

15   that revealed 5/5 power in the bilateral deltoid, triceps, biceps, wrist extension, finger extension,

16   FDI and thumb abduction, reflexes that were 1+ and symmetric in the triceps, biceps and

17   brachioradialis, and no objective sensory deficit to light touch in the left hand compared to the

18   right hand. AR 23, 59, 623-25.

19       As for the ALJ's second reason, an ALJ may discredit a claimant's testimony when the

20   claimant reports participation in everyday activities indicating capacities that are transferable to a

21   work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

22

23

24

1    Here, the ALJ reasoned that Plaintiff performed a variety of activities inconsistent with

2    her testimony concerning her hand limitations, including rolling cigarettes, painting, performing

3    household chores, cooking meals, and shopping for groceries. AR 22-23, 49-50, 282-83.

4    Disability claimants should not be penalized for attempting to lead normal lives in the

5    face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper*

6    *v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate

7    in a dark room" in order to be deemed eligible for benefits); *see also Vertigan v. Halter*, 260

8    F.3d 1044, 1050 (9th Cir.2001) ("This court has repeatedly asserted that the mere fact that a

9    plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited

10   walking for exercise, does not in any way detract from her credibility as to her overall disability.

11   One does not need to be 'utterly incapacitated' in order to be disabled."), citing *Fair v. Bowen*,

12   885 F.2d 597, 603 (9th Cir.1989).

13   However, even where a claimant's "activities suggest some difficulty functioning, they

14   may be grounds for discrediting the claimant's testimony to the extent that they contradict claims

15   of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

16   Here, the ALJ's findings concerning Plaintiff's activities of daily living are insufficient to

17   completely discount her testimony concerning her hand impairments. However, they are

18   sufficient to establish that the pain and numbness in Plaintiff's dominant left hand and non-

19   dominant right hand was not "totally debilitating" and that the RFC restrictions to frequent

20   fingering and handling with the left hand and occasional fingering and handling with the right

21   hand were sufficient to accommodate the limitations stemming from Plaintiff's impairments. AR

22   21; *see also* SSR 83-10 (defining "occasionally" as occurring from "very little up to one-third of

23   the time"). Accordingly, the ALJ did not err in evaluating Plaintiff's testimony.

24

1

<u>CONCLUSION</u>

2      Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded

3 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and

4 this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and

5 close the case.

6      Dated this 22nd day of July, 2020.

7

8      _____
       David W. Christel

9      United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24